# IN THE COURT OF APPEALS 12/17/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00563 COA

**CARL LEE JOHNSON**

**A/K/A CARL LEE GRIFFIN**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


**PER CURIAM AFFIRMANCE MEMORANDUM OPINION**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. KENNETH LEVENE THOMAS

COURT FROM WHICH APPEALED: COAHOMA COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

STEPHEN A. BRANDON

ATTORNEYS FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: DEWITT T. ALLRED III

DISTRICT ATTORNEY: LAURENCE Y. MELLEN

NATURE OF THE CASE: CRIMINAL-AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER

TRIAL COURT DISPOSITION: GUILTY; SENTENCED TO LIFE IN PRISON WITHOUT PAROLE AS HABITUAL OFFENDER

BEFORE FRAISER, C.J., DIAZ, AND KING, JJ.

PER CURIAM:

Carl Lee Johnson (Johnson), the Appellant, was convicted in the Coahoma County Circuit Court of aggravated assault on a law enforcement officer. He was sentenced to life imprisonment without the possibility of parole as a habitual offender. Aggrieved, he appeals to this Court asserting that the trial court erred in denying his motion for a new trial because of recanted testimony by a witness for the State. Finding no reversible error, we affirm.

On the night of May 25, 1992, Officers Jones and Harris were conducting surveillance in the neighborhood on an unrelated case, when their attention was drawn to a drug transaction between Michael Cox, Jason Russell, who were both in a car, and Carl Lee Johnson, the Appellant. Cox got out of the car and met Johnson at the rear of the car. Johnson left, but returned shortly with Michael Stewart. Officers Jones and Harris radioed for assistance when they saw Johnson hand something into the car. Officer Read responded to the call and arrived in a marked police car. Stewart began to run down the street, while Officers Jones and Harris both testified that they saw Johnson shoot at Read's car, and then jump into the vehicle with Cox and Russell. Officer Jones apprehended Stewart. The three in the car fled the scene; however Cox turned himself in the next day. Russell was arrested by Officer Read. Johnson was subsequently arrested by another officer for public drunk.

At trial, Russell testified that Johnson was in the area from which the shot came. However, in a post-trial statement to Johnson's attorney, Russell stated that Johnson was opening the car door on Russell's side of the car when he heard the shot that sounded like it was "a little ways off."

Recanting testimony is very unreliable and is regarded with suspicion. *Williams v. State*, 669 So. 2d 44, 53 (Miss. 1996). Mere recantation by a witness for the prosecution does not necessarily entitle the accused to a new trial. *Williams*, 669 So. 2d at 53 (citations omitted). The fact that a witness changes his testimony after trial is not, alone, an adequate ground for granting a new trial. *Id.* It is the right and duty of the trial court to deny a new trial where it is satisfied that the trial testimony is true. *Id.* Whether a new trial should be granted depends on the circumstances of the case, including the testimony of the witnesses. *Id.* The determination to grant a new trial is left to the sound discretion of the trial judge. Aside from an abuse of discretion, we will not disturb the lower court's findings. *Id.*

In the present case, we find no reasonable probability that a different result would be reached in a new trial even assuming Russell's initial testimony was perjured. Russell's recantation, along with the surrounding evidence, does not undermine the Court's confidence in the correctness of the outcome of the trial. Therefore, we affirm the judgment.

**THE JUDGMENT OF CONVICTION IN THE COAHOMA COUNTY CIRCUIT COURT OF AGGRAVATED ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE**

OF LIFE IMPRISONMENT WITHOUT PAROLE AS A HABITUAL OFFENDER IS AFFIRMED. SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. COSTS OF THIS APPEAL ARE TAXED TO COAHOMA COUNTY.


FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.